Dear Mr. Gasperecz:
I am in receipt of your opinion request wherein you request an opinion on behalf of the Advisory Commission on Proprietary Schools concerning charging a registration fee from each student registering for a course in a Louisiana Proprietary school. Specifically, you ask the following question:
 As a means of providing funding necessary to comply with legislative mandates to administer and oversee educational activities of proprietary schools in Louisiana, is it permissible for the Louisiana Board of Elementary and Secondary Education (BESE) to require a registration fee from each student registering for a course in a Louisiana proprietary school?
Title 17 of the Louisiana Revised Statutes starting with Section 3141.2 provides for the definition of, creation of, and responsibilities of the proprietary schools in Louisiana. As set out in LSA-R.S. 17:3141.3(A), the Proprietary School Commission is established in the State Department of Education. The Commission is required to adopt rules and regulations that it deems necessary to administer its functions which are not in conflict with the State Board of Elementary and Secondary Education policy. (See LSA-R.S. 17:3141.3D(2)). This statute produces an illustrative list of rules and regulations that the commission shall adopt. Such rules and regulations shall include the following:
 (a) Establishing acceptable standards, consistent with prevailing accreditation standards, for the conduct of solicitors and for the operation of schools.
 (b) Providing for investigation by the Department of Education of complaints related to the established standards and for the disposition of such complaints.
 (c) Providing remedies, including but not limited to restitution orders, fines, and other appropriate measures for violation of established standards.
LSA-R.S. 17:3141.17 discusses the administration of proprietary schools. Section A specifies that:
 All funds collected from proprietary schools licensed under the provisions of this chapter, except payments made to the Student Protection Fund, shall be used exclusively for implementing and otherwise administering the provisions of this chapter. . . . (Emphasis added)
This statute refers only to funds collected from the proprietary schools. There are no references in the applicable statutes to funds collected from students.
Pursuant to Article VII, Section 4 of the Louisiana Constitution, BESE approval is necessary for a proprietary school to operate in Louisiana. Revised Statute 17:6(A) sets forth the general powers of BESE which includes in pertinent part the power of the Board to:
 10) Adopt, amend, or repeal rules, regulations, and policies necessary or proper for the conduct of the business of the board;
and
 15) Perform such other functions as are necessary to the supervision and control of those phases of education under its supervision and control.
These two powers are the only powers enumerated that could entail the Board's power to assess a student fee for registering for a course at a Louisiana proprietary school. However, when read in conjunction with other statutes it does not appear to envision the power to assess a student fee.
LSA-R.S. 17:3141.4 is the only statute that refers to the assessment of a fee. It requires any proprietary school that does business in the state to hold a valid license which means the school must pay a licensing fee. Allowing BESE to authorize astudent fee without statutory authority to do so would amount to a tax placed on the students. Since LSA-R.S. 17:3141.4 authorizes a fee only on the licensure of proprietary schools, BESE's constitutional powers would not include charging a registration fee from each student registering for a course in a Louisiana proprietary school.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON Assistant Attorney General